## Commonwealth v. Pugh

C.P. of Beaver County, no. 871-1985.

*Dale Fouse, district attorney,* for plaintiff.
*Harry Pugh,* pro se.

KUNSELMAN, *P.J.*, September 23, 2004—Petitioner Harry Pugh has filed a petition for relief under the Post-Conviction Relief Act, alleging that the United States Supreme Court's ruling in *Blakely v. Washington,* 124 S.Ct. 2531 (2004), should be applied retroactively to his sentence. We shall dismiss the PCRA petition without a hearing.

## PROCEDURAL HISTORY

On November 13, 1985, defendant Harry Pugh was sentenced by this court on his plea to one count of rape to 72 to 240 months. On the same day, the Commonwealth presented a petition requesting the court approve a nolle prosequi as to the remaining counts of the information. The order was entered that day approving the nolle prosequi.

On April 18, 1989, the petitioner filed a petition for relief under the Post-Conviction Hearing Act. After petitioner's counsel was permitted to withdraw, petitioner filed a pro se brief on August 18, 1989. His sole claim for relief was his argument that his sentence was invalid because the entire information was nolle prosequi. We

found otherwise, and entered an order dismissing the petitioner's PCHA petition.

Now, approximately eight years after the expiration of time to file a timely petition under 42 Pa.C.S. §9545 (b), petitioner has filed a second PCRA petition, claiming that the exception set forth in section 9545(b)(1)(iii) applies.[1] Pugh argues that the United States Supreme Court's holding in *Blakely, supra,* should be applied retroactively. At the time Pugh was sentenced, this court enhanced his minimum sentence because we found that a deadly weapon was used in this case.

On August 31, 2004, pursuant to Pa.R.Crim.P. 907(1), we gave notice to the petitioner of our intention to dismiss his PCRA petition without a hearing and to give the petitioner an opportunity to respond. A timely response was filed, and this opinion addresses our reasons for dismissing the PCRA petition without a hearing.

## ISSUES PRESENTED FOR REVIEW

This petition raises the following issues that we will address:

(1) Whether the petitioner has filed a PCRA petition that falls under the exception of 42 Pa.C.S. §9545(b) (1)(iii)?

(2) Whether the United States Supreme Court's holding in *Blakely v. Washington, supra,* applies to the Pennsylvania sentencing guidelines?

---

1. Section 9545(b)(1)(iii) permits a PCRA petition to be filed after the one-year time limit if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

(3) Whether the petitioner has made a prima facie showing that a miscarriage of justice has occurred so as to warrant a review of his second post-conviction petition?

## DISCUSSION

### 1. *Exception Under Section 9545(b)(1)(iii) and* Blakely's *Retroactive Effect*

The petitioner in this case asserts that the holding in *Blakely v. Washington* applies retroactively and thus the enhancement of his minimum sentence was unlawful.

A defendant has a right to file a petition for relief under the Post-Conviction Relief Act within one year of the date the judgment becomes final. 42 Pa.C.S. §9545(b)(1). However, an exception applies to this time requirement under 42 Pa.C.S. §9545(b)(1)(iii). Under this exception, a PCRA petition may be filed outside of the one-year time requirement if: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

Any petition invoking this exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. §9545(b)(2). The Supreme Court of the United States issued its decision in *Blakely* on June 24, 2004. Petitioner filed his PCRA petition on August 20, 2004. However, the exception under section 9545(b)(1)(iii) does not apply because *Blakely* is distinguishable from the case at bar.

*Blakely* concerned Washington state's determinate sentencing system, which allows a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. *People v. Claypool,* 470 Mich. 715, 730 n.14, 684 N.W.2d 278, 286 n.14 (2004). Thus, the trial judge in that case was required to set a fixed sentence imposed within a range determined by guidelines and was able to increase the maximum sentence on the basis of judicial fact-finding. See *Blakely v. Washington,* 124 S.Ct. 2531 (2004). The Supreme Court of the United States held that this system was in violation of the Sixth Amendment because the facts that led to the sentence were not found by the jury. *Blakely,* 124 S.Ct. at 2536.

Pennsylvania, in contrast to Washington, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum. The maximum is set by the trial judge but cannot exceed the maximum set by law. The minimum is based on guideline ranges under the sentencing guidelines. See 204 Pa. Code §§303.1-303.18. The trial judge sets the minimum but can enhance that minimum if certain criteria are met. In the present case, the petitioner was found to have used a deadly weapon in the commission of the crime. Therefore, under the sentencing guidelines, this court was permitted to add 12 to 24 months onto the petitioner's minimum sentence. When the petitioner was sentenced, his minimum sentencing period was within the minimum sentencing guidelines. Accordingly, the Pennsylvania system is unaffected by the holding in *Blakely* that was designed to protect the defendant from a higher maximum sentence based on facts not found by the jury in violation of the Sixth Amendment.

The majority in *Blakely* made it clear that indeterminate sentencing schemes were not affected by its ruling. The court stated:

"Justice O'Connor argues that, because determinate sentencing schemes involving judicial fact-finding entail less judicial discretion than indeterminate schemes, the constitutionality of the latter implies the constitutionality of the former. *Post* at 2543-2548. This argument is flawed on a number of levels. First, the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. *Indeterminate sentencing does not do so.* (emphasis added) It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial fact-finding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence—and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned." *Blakely, supra* at 2540.

In sum, the holding in *Blakely* does not affect the sentencing guidelines of Pennsylvania, and therefore the petitioner was not erroneously sentenced.

Even if *Blakely* were to apply to this case, the holding is not to be applied retroactively. Nothing in the majority's opinion in *Blakely* indicates that it should apply retroactively. Because of this, we are not inclined to extend the

holding of *Blakely* to this petitioner who was sentenced almost 20 years ago.

## 2. *Repetitive PCRA Petitions*

A final issue that must be dealt with is the petitioner's attempt to file a second PCRA petition approximately eight years after the time period has expired to file a proper one.

In *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988), the Supreme Court of Pennsylvania addressed the problems posed by repetitive post-conviction petitions. In that case, the defendant filed numerous post-conviction petitions raising ineffectiveness of counsel for counsel's failure to raise the issue of the length of time it took for defendant's case to go to trial. In attempting to balance the concern for assuring persons charged with crimes receive competent representation in their defense with the need for finality, the court stated that it would not allow repeated petitions to be used as a ploy to destroy the finality of judgments fairly reached. *Lawson,* 519 Pa. at 513, 549 A.2d at 111-12. Therefore, the court concluded that a "second or any subsequent post-conviction request for relief will not be entertained unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred." *Id.*

"A repetitive or serial petition may be entertained only for the purpose of avoiding a demonstrated miscarriage of justice, which no civilized society can tolerate." *Lawson,* 519 Pa. at 513-14, 549 A.2d at 112. In the present case, the petitioner has failed to show that his sentence "demonstrate[s a] miscarriage of justice." The holding

in *Blakely* does not affect the sentence that he received and he has not contended that he is innocent.

A petition for post-conviction relief may be dismissed without a hearing if the court finds that there exist no genuine issues as to any material fact so as to warrant a hearing. Pa.R.Crim.P. 907(1). Because we have found that the holding in *Blakely* is distinguishable from the case at bar and that it is not to be applied retroactively, a hearing would serve no purpose other than to waste the court's time and resources. In addition, petitioner has failed to demonstrate a miscarriage of justice which no civilized society can tolerate. Therefore, the petitioner's petition for post-conviction relief will be dismissed without a hearing.

We enter the following order.

## ORDER

The petition for post-conviction relief filed on behalf of Harry Pugh is dismissed without hearing. Petitioner is notified that he has a right to appeal from this order within 30 days.

The clerk of courts of Beaver County shall mail a copy of this opinion and order to the petitioner by certified mail, return receipt requested, and to the district attorney of Beaver County and note the mailing on the docket.